UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRUCTIS CONSTRUCTION
SOLUTIONS GROUP, LLC,

Plaintiff,

v. Case No: 8:26-cv-03252-JLB-AEP

ANDREW PUPKE, DANIEL
HAIDET, and DNA POLYMER
FLOORING INC.,

Defendants.
_____________________________________/

**ORDER**

Before the Court is Plaintiff Structis Construction Solutions Group, LLC's Complaint against Defendants Andrew Pupke, Daniel Haidet, and DNA Polymer Flooring Inc. (Doc. 1). For the reasons stated below, Plaintiff's Complaint is **DISMISSED without prejudice** as an impermissible shotgun pleading.

**LEGAL STANDARD**

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

## DISCUSSION

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading." *Barmapov*, 986 F.3d at 1324 (quoting *Weiland*, 792 F.3d at 1320). "These rules were also written for the benefit of the court, which must be able to determine 'which facts support which claims . . . .'" *Id.* (quoting *Weiland*, 792 F.3d at 1320).

"The most common type" of shotgun pleading is one that "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321.

Here, each count of the Complaint "re-alleges and incorporates by reference the prior allegations contained in all prior paragraphs." (Doc. 1 at ¶¶ 87, 94, 99, 105, 111, 122, 133, 139, 145, 153, 162, 168). Each count combines all preceding allegations, causing the last count "to be a combination of the entire complaint."

*Weiland*, 792 F.3d at 1321. This combination of allegations hinders Defendants' ability to discern which allegations Plaintiff relies upon to support each of its claims. *See Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("By the time a reader of a pleading gets to the final count, it is exceedingly difficult, if not impossible, to know which allegations pertain to that count (according to its label), to separate the wheat from the chaff.").

Thus, the Complaint is an impermissible shotgun pleading, and the Court finds dismissal without prejudice appropriate. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone."). The Court will provide Plaintiff leave to file an amended complaint within 21 days from the date of this Order. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Vibe Micro, Inc.*, 878 F.3d at 1296 ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him *one chance* to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." (emphasis added)).

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice.**

(2) Plaintiff is provided leave to file an amended complaint within 21 days from the date of this Order. Failure to timely file an amended complaint will result in the dismissal of this case without further notice of the Court.

**ORDERED** in Tampa, Florida, on November 5, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE